25 C.C.P.A. (Patents)

### In re CHAMBERLIN.

### Patent Appeal No. 3883.

Court of Customs and Patent Appeals.
Feb. 7, 1938.

Jos. N. Nielsen, of New York City, (Harold T. Stowell, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner rejecting six claims, being all the claims, contained in appellant's application for patent entitled "For Fibrous Compositions." The claims are numbered 7 to 12, inclusive. Of these, Nos. 7, 8, and 9 relate to a method of molding a composition, and 10, 11, and 12 to the composition itself.

Claim 9 was taken by the Board as representative. As this claim appears in the Board's opinion and in the list quoted at the end of the record, as required by our rule, certain amendments which the Examiner refused to enter, but entry of which was allowed by the Board, do not appear.

We quote it in its amended form, the form in which the Board considered it, as appears from its opinion: "9. Process of preparing compositions containing spinnable fibers in unknotted condition and random arrangement suitable for hot-press molding which comprises coating the fibers

twisted into elements of lengths providing overlapping in the composition but free from knottability associated with the unspun fibers of corresponding length with a heat-hardening resin in solution, and drying the composition."

Claim 8 calls for a specific form of solution for coating, and claim 7 further restricts the process to twisting the fibers into elements ranging in length from one-quarter of an inch to an inch or more.

Of the product claims, we quote No. 10: "10. Composition containing a resinous binder and spinnable fibers in unknotted condition and random arrangement suitable for hot-press molding comprising spinnable fibers twisted into elements of lengths ranging from one-quarter of an inch to an inch or more to provide overlapping in the composition but free from knottability associated with unspun fibers of corresponding length, and coatings on said elements of a heat-hardening resinous binder, the whole forming a mass of separable and variously directed coated elements."

Claim 11 omits the specific range of length but limits the composition to one of approximately equal parts of elements and resinous binder. Claim 12 omits the limitation as to proportion contained in claim 11.

It is not contended that the limitations in the different claims require any separate consideration upon the general issue of patentability. All of them stand or fall together.

The prior art references cited are: Talley, 1,223,216, April 17, 1917; Smith, 1,557,730, October 20, 1925; Weldon, 1,640,-433, August 30, 1927; McIntyre, 1,844,434, February 9, 1932.

There also appears in the record a patent to one Willard H. Kempton, assignor to Westinghouse Electric & Manufacturing Company, assignee of the Talley patent. The Kempton patent, issued October 28, 1924, is referred to in appellant's present application. It is argued here that it supports a contention of appellant to the effect that the Talley patent was inoperative, a contention which, under the facts of this case, we do not deem important.

The brief of the Solicitor for the Patent Office states: "The grounds of rejection as applied by the examiner in his statement appear to be two in number.

The first ground of rejection refers to an earlier application of appellant's in which the examiner held that there was a final adjudication as respects claims which differed in scope only from the claims involved in the instant appeal. The examiner indicated that the difference between the two groups of claims was not such as to impart patentability in view of the cited art. The second ground of rejection applied by the examiner was that the appealed claims are unpatentable over the cited art as applied in detail in the examiner's statement. The Board of Appeals did not state that any ground of rejection advanced by the examiner was wrong but on the contrary made a general affirmance of the examiner's action."

In a reply brief filed by permission of the court, appellant challenges the Solicitor's interpretation of the Examiner's decision, as affirmed by the Board, and insists that the only rejection in the record was based on prior art.

The record apparently does not disclose all the office actions with respect to the claims, but it is noted that the Examiner's final action dated April 16, 1935, is limited to rejection upon the prior art. In his statement after the appeal to the Board, however, we find the following: "The instant application purports to be a division of application Serial No. 274,360, filed May 1, 1928. The earlier filed case was before the Honorable Board of Appeals on substantially the same question as is here involved, viz. whether the use of fibers free from anti-knotting involved invention. In said case, the Examiner was affirmed, both tribunals being of the opinion that Talley, supra, was the best reference. The specification of the instant application omits all reference to natural fibers, such as manila, sisal, etc., which is disclosed in the second paragraph of page 3 of the earlier filed case. A comparison of the appealed claims in these two cases will show that those of the later filed case differ from those of the earlier filed case in scope only; those claims under instant consideration being more specific than the ones of the earlier case. This difference in scope of the instant appealed claims, however, does not eliminate the rejections of these claims on the cited art."

Also, at another place in his statement, attention was directed to an equity suit

then pending which the Board commented upon as follows: "The examiner has called attention to Equity Suit, No. 55,555, brought under R.S. § 4915 [35 U.S.C.A. § 63]. Cherry v. Coe now pending in the Courts. The records of this suit are, of course, open to the public. It is found that in this suit are involved claims which cover almost the identical subject matter claimed here, and that said claims stand rejected on the same references, which are of record in the present case. This case is now awaiting decision by the Court of Appeals, D. C., on an appeal taken from an affirmative decision by the Supreme Court, D. C."

It may be said that that case, under the style of Economy Fuse & Mfg. Co. v. Coe, 66 App.D.C. 294, 86 F.2d 850, 31 U.S. P.Q. 193, was decided by the United States Court of Appeals for the District of Columbia November 2, 1936; the decision of the lower court being affirmed.

It must be confessed that it is not altogether clear to us whether the Examiner based his rejection upon two grounds as suggested by the Solicitor. Upon the whole, we are inclined to the view that it was based solely upon prior art, and that the decision rendered by the Board respecting appellant's earlier application, of which the present is said to be a continuation, was not cited as res adjudicata, but rather as persuasive, the same as was the decision in the Economy Fuse & Mfg. Co. Case, supra, to which latter appellant was not a party.

■ We think it was entirely legitimate and proper to refer to the decisions in those cases for such purpose. The claims which were involved in the equity proceeding and there finally disallowed by the appellate court were included in the record of this case by stipulation, and hence may be readily compared with the claims at issue here, so far as comparison may be proper.

The claims of appellant's original application, which were rejected, are not included in the record.

■ The following analysis of appellant's claim 9, supra, appears in the brief on his behalf: " * * * It is limited to (a) making compositions for hot-press molding from (b) spinnable fibers twisted into elements providing overlapping 'but free from knottability associated with the

unspun fibers of corresponding length' (c) coating the elements with a heat-hardening resin in solution, and (d) drying the composition."

The brief analyzes product claim 10 as comprising: " * * * (a) Composition suitable for hot-press molding (b) spinnable fibers twisted into elements of one-quarter inch to an inch or more in length to provide overlapping but free from the knottability associated with the unspun fibers of corresponding length, (c) coating on the elements of heat-hardening resin, and (d) the whole forming a mass of separable and variously directed coated elements."

The Examiner's analysis of the references is somewhat more detailed than that of the Board, and the same is here quoted: "Talley clearly discloses long cotton and long fibered asbestos (page 1, lines 63 to 67), which are likewise disclosed by applicant in lines 31 and 32 of page 3. Similarly, Weldon describes the use of twisted cotton cord because they are of great strength (page 1, lines 49 to 63). Smith also employs long fiber materials and although these materials interlock when in the mold, it is not seen that a patentable difference thereover is presented by these appealed claims. McIntyre, of course, does not disclose a heat-hardening resin but there is disclosed the use of fibrous materials in the form of strings. In short, it is a fair and logical conclusion, derived from this cited art, that the prior art thoroughly understood and was conversant with the advantages of fibrous materials in the form of strings, yarns, cords, etc. as distinguished from closely woven fabrics such as canvas (See Weldon page 2, lines 41 to 46) in heat-hardening resin molding compositions. In any event, since the materials of the references are like those disclosed by applicant, the results claimed by applicant must be inherent in the references. With respect to Talley, Weldon and Smith, it is to be particularly noted that the fibrous materials thereof meet the test of "anti knottable" as described in the last paragraph of page 3 of the specification."

In appellant's original brief it is said: "Attention is particularly directed to the limitation appearing in all the claims of defining the fibrous part of the composition as embodying the following restrictions:

"1. spinnable fibers having the property of knottability;

"2. elements into which the spinnable fibers are twisted;

"3. the elements being of a length to provide overlapping; and

"4. the elements of that length being free from the knottability associated with the unspun fibers of corresponding length."

This is reiterated in his reply brief and in both briefs, as well as in the oral argument, the particular feature emphasized (of course, in the combination defined) was that of the freedom from "knottability" in fibers having overlapping lengths, and the correctness of the holding of the Examiner that the fibrous materials of Talley, Weldon, and Smith meet the test of "anti knottable" is challenged.

This challenge, as best we can understand the somewhat involved argument, is based upon the allegation that the prior art fails to show a combination which results in freedom from "knottability," a limitation appearing in each of the appealed claims.

It is quite true that no one of the references makes mention of "knottability." It seems to us, however, that in the final analysis freedom from "knottability," as used in the claims, relates to a result. The phrase "free from knottability" means, as taught by the specification, that the fibers will not mat, or interlock, in the composition. This result apparently flows from the use of fibers having certain characteristics of structure, such as being twisted, and of length, and it seems clear that certain of the prior art does show the use of materials, as stated in the examiner's description, supra, quite like the materials of appellant. They seem to us, at least, to be so nearly alike as that appellant cannot be credited with invention over the references in adopting the type of fibers which he defines.

The decision of the Board of Appeals is affirmed.

Affirmed.